UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

BRIDGEPORT MUSIC, INC., et al.,  )
                                 )
        Plaintiffs,               )
                                 )
        v.                        )    NO. 3:01-1164
                                 )    Judge Campbell/Brown
LAWRENCE PARKER, d/b/a BDP        )
MUSIC, et al.,                    )
                                 )
        Defendants.               )

**TO: The Honorable Todd J. Campbell**

                    REPORT AND RECOMMENDATION

**I.   INTRODUCTION**

The plaintiff in this case has filed a motion for judgment by default against the defendant, Lawrence Parker, d/b/a BDP Music (Docket Entry No. 36).

For the reasons stated below, the Magistrate Judge **recommends** that the plaintiff, Bridgeport Music, Inc.'s motion for default judgment against the defendant, Lawrence Parker, d/b/a BDP Music (Docket Entry No. 36), be **granted** and the District Judge enter the order of default against the defendant, as set forth in the proposed order which is attached to this Report and Recommendation.

The Magistrate Judge further **recommends** that all claims against Bring the Noize, Inc. be **dismissed** without prejudice for failure to prosecute.

## II. BACKGROUND

The plaintiff in this cause of action originally filed suit against a number of defendants alleging various violations of the copyright law. Bridgeport Music, Inc. v. 11C Music, et al., Case No. 3:01-0412. Service of process was obtained on the defendant, Lawrence Parker, d/b/a BDP Music in the present case on October 19, 2001 (Docket Entry No. 8) by personal service.

On January 18, 2002, default was entered against Lawrence Parker, d/b/a BDP Music (Docket Entry No. 17).

Proceedings in this case were stayed on February 11, 2002 (Docket Entry No. 19) by Judge Higgins. The stay was lifted on January 27, 2006, dispositive motions were referred to the undersigned for a Report and Recommendation and the case was set for trial on January 2, 1007 (Docket Entry No. 29).

The plaintiff filed their motion for judgment by default (Docket Entry Nos. 36), supported by a memorandum of law (Docket Entry No. 37), an affidavit of Heidi White concerning service of process in the matter (Docket Entry No. 37, Exh. A), and an affidavit of Jane Peterer, president of Jane Peterer's Music Corporation (Docket Entry No. 41), who has been Bridgeport's administrator for publishing for over 20 years.

The plaintiff requests as relief (1) the defendants be found liable for copyright infringements; (2) the defendants be found liable for wilful infringement; (3) the defendants be required to submit an accounting; (4) the defendants be enjoined

2

from further violations; (5) the defendants be required to deliver for impoundment the infringing materials; (6) the defendants be required to pay the cost of this action, including reasonable attorneys' fees; (7) a declaratory judgment be entered that the plaintiffs owns the copyrights in the infringing compositions and sound recordings; and (8) that they be awarded judgment interest from May 4, 2001 (Docket Entry No. 36).

In her affidavit (Docket Entry No. 41), Ms. Peterer concludes that the defendant had sampled the plaintiff's work as alleged, and as an expert in the area and administrator of the publishing business of Bridgeport Music, she also sets forth in general terms how the industry works and explained that, because the plaintiff did not know the actual sales of the defendant's works which copied theirs, they were unable to determine actual damages and therefore requested statutory damages.

In addition, Ms. Peterer's affidavit supports Bridgeport's theory that they are entitled to 100% ownership of the entirety of the defendant Lawrence Parker, d/b/a BDP Music's ownership interest in and to the copyright and masters of the sound recording "Word Perfect," which contains plaintiff's work "Bring The Noise a/k/a Bring The Noize."

The plaintiff originally obtained default against Bring The Noize on January 18, 2002 (Docket Entry No. 17). In a subsequent status report on November 5, 2004 (Docket Entry No. 26, ¶ 6), the defendant stated that they were submitting an order of

3

voluntary dismissal of Bring The Noize. However, it does not appear that any such order of voluntary dismissal was provided to the Court and none has been signed.

Subsequently, the Magistrate Judge, in reviewing this case with the plaintiff, pointed out on February 3, 2006 (Docket Entry No. 30), that the file did not reflect that such an order had been submitted and the plaintiff was directed to submit their order of voluntary dismissal of Bring The Noize forthwith. As of the date of this Report and Recommendation the plaintiff has totally failed to comply with the Court's directions concerning Bring The Noize.

### III. LEGAL DISCUSSION

Inasmuch as the defendant, Lawrence Parker, d/b/a BDP Music has failed to respond in any way to these proceedings, and in particular to the motion for default judgment, the Court may take the motion as unopposed under the Court's Local Rules.

Plaintiff had previously requested a jury trial in this matter, however, they have now expressly waived any right to a jury trial (Docket Entry No. 42).

From the pleadings, it appears clear that the defendant Lawrence Parker, d/b/a BDP Music is neither an infant, incompetent, or in the military service.

It further appears that the plaintiff has been denied the right to learn actual profits that the defendant may have earned from the defendant's improper use of the plaintiff's works.

4

Accordingly, the plaintiff's request for statutory damages in lieu of actual damages appears reasonable. In addition, under 17 U.S.C. § 503, they are entitled to have delivered up for impoundment the various infringing materials involving "Word Perfect" from plaintiff's work "Bring The Noise a/k/a Bring The Noize."

The Court's Order should, however, not be construed as to allow the impoundment of any property not in the possession of the defaulting defendant.

The plaintiff has further claimed the right to the copyright of the infringing sound recording and the masters of the infringing sound recordings that the defendant had such rights. See memorandum filed in the case of Bridgeport Music, Inc. et al. v. Tommy Boy Music, et al., Case No. 3:01-1091 (Docket Entry No. 56). In view of the lack of opposition, the Magistrate Judge agrees with the plaintiff's position in this matter, and accordingly believes that they are entitled to this relief as well. The plaintiff is not, however, entitled to acquire any rights beyond that held by the defaulting defendant.

Additionally, any default judgment entered against this defendant should not effect payments made by any third parties to Lawrence Parker, d/b/a BDP Music prior to the effective date of a default judgment entered against Lawrence Parker, d/b/a BDP Music and actual notice to such third parties.

5

A proposed order of default judgment against Lawrence Parker, d/b/a BDP Music is attached to this Report and Recommendation.

As to Bring The Noize, as pointed out above, the plaintiff announced their intention to voluntarily dismiss this case. However, they have failed to follow up on that announcement, and the Court is fully justified to now dismiss all claims against Bring The Noize.

**IV. RECOMMENDATION**

For the reasons stated above, the Magistrate Judge **recommends** that all claims against Bring The Noize be **dismissed** for failure to prosecute by the plaintiff.

For the additional reasons stated above, the Magistrate Judge **recommends** that the plaintiff, Bridgeport Music, Inc.'s motion for default judgment against the defendant, Lawrence Parker, d/b/a BDP Music (Docket Entry No. 36), be **granted** and the District Judge enter the order of default against the defendant, as set forth in the proposed order which is attached to this Report and Recommendation.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said

objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

      **ENTERED** this 19th day of April, 2006.

                                          <u>/s/ Joe B. Brown</u>
                                          JOE B. BROWN
                                          United States Magistrate Judge